### BROWN v. GREENFIELD CONGREGATIONAL SOCIETY et al.

(District Court, D. Connecticut. July 9, 1912.)

#### No. 1,362.

1. EASEMENTS (§ 19*)—VIEW—RIGHTS ACQUIRED.

Where the proprietors of a town prior to 1750 set apart a common to public use subject to the right to build a church edifice thereon, and a church building was erected in 1762, and rebuilt in 1845 and 1853, an owner of lots originally set apart to the minister in charge of the church did not have a fundamental right to an unobstructed view across the common.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 56–58; Dec. Dig. § 19.*]

2. EASEMENTS (§ 19*)—VIEW—OBSTRUCTIONS—ESTOPPEL.

Where the view across a common set apart by the proprietors of a town prior to 1750 had been partially obstructed by a church building erected on the common in 1762, and rebuilt in 1845 and again in 1853,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

and the latter structure was in existence, the principle of estoppel applied to one acquiring lots originally set apart to the minister in charge of the church, and he could not maintain an injunction to compel an unobstructed view across the common.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 56–58; Dec. Dig. § 19.*]

In Equity. Action by Alfred S. Brown, executor and trustee, against the Greenfield Congregational Society and others. Motion for preliminary injunction denied.

Alfred S. Brown, of New York City, and Marsh, Stoddard & Day, of Bridgeport, Conn., for plaintiff.

Elmore S. Banks, of Bridgeport, Conn., for defendants.

PLATT, District Judge. The allegations of the bill do not correspond with the facts which have been brought to my attention by the affidavits. The statement of the bill is that the proprietors of the town of Fairfield, prior to 1750, set apart the public green or town common as a place of parade, public meeting, recreation, and amusement, and the same has always been left open for those purposes. The affidavits show that a church edifice was built upon the common in 1762, and another took its place in 1845, and a third, the present church, in 1853, and that the second covered more land than the first and the third more than the second. It would appear, therefore, from the affidavits, that the dedication of the common to public use carried with it the right to build a church edifice upon it. The fact is emphasized by the further fact that the proprietors were all members of the Ecclesiastical Society, and that the very property which the plaintiff claims is irreparably damaged consists in part of two lots originally set apart to the minister who was in charge of the church.

[1, 2] The affidavits show that the only injury which the plaintiff apprehends will be some slight additional obstruction to the partial view which the plaintiff now enjoys across the common, from one of the houses on his property. Upon the affidavits, therefore, the fundamental right of the plaintiff to an unobstructed view is not sustained, and, even if such a right can be found, it is clear to me that the conduct of the plaintiff's predecessors in title has placed him in a position where he cannot expect his right to be enforced by the extraordinary process of injunction. The principle of estoppel applies, and beyond that the injury is too insignificant to compel the discretion of the chancellor to be exerted in the plaintiff's favor.

The motion for injunction is denied, with costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes